UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROCCO CAMPANELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 3:23-CV-864-PPS-JPK |
| | ) |
| UNIVERSITY OF NOTRE DAME DU LAC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Rocco Campanelli, a former Notre Dame student, was seriously injured after falling through the center of a stairwell at his residence hall. On September 20, 2023, he filed a lawsuit against Notre Dame in St. Joseph Circuit Court, asserting a state law claim for premises liability. [DE 5.] Evidently, the parties were in discussions to resolve the matter before the lawsuit was filed, but those discussions fell through. In the process, Campanelli asked Notre Dame to waive service, but they refused. So he filed suit. Notre Dame was at the ready, because it swiftly sought removal prior to being served even though it is a forum defendant.

Notre Dame's notice of removal asserts that diversity of citizenship jurisdiction exists to remove the suit to federal court because: (1) it is an Indiana corporation with its principal place of business in Indiana, Campanelli is a resident of New York, and therefore the parties are completely diverse in citizenship; and (2) prior to the filing of the state court complaint, Campanelli's counsel confirmed that the damages sought in this case are in excess of $75,000.00. [DE 1, ¶¶ 1–3.] Anticipating the "forum defendant

rule" that disallows removal in certain diversity cases, its notice of removal further states that "at the time of filing this Notice of Removal . . . [Notre Dame] has <u>not</u> been properly served, as required by 28 U.S.C. § 1441(b)(2)." [DE 1, ¶¶ 4, 6.]

Campanelli seeks a remand to state court. [DE 9; *see* DE 20; DE 24.] As prefaced in Notre Dame's notice of removal, the parties dispute the proper application of the forum defendant rule codified in 28 U.S.C. § 1441(b)(2). The rule, along with a related concept referred to as "snap removal," has been the subject of a great deal of scrutiny in the federal courts. To be candid about it, Notre Dame's actions in not agreeing to waive service and then snap removing the case prior to service has a "lying in the weeds" feel to it. For the reasons that follow, Campanelli's motion will be granted and the case remanded to state court.

\*   \*   \*

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court when a district court has original jurisdiction over the action. District courts possess original jurisdiction over all civil actions arising under federal law, as well as over civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §§ 1331, 1332(a)(1). However, the forum defendant rule provides that "[a] civil action otherwise removable solely on the basis of [diversity of citizenship] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as

defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

As the Seventh Circuit has explained, "The [forum defendant] rule is designed to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party. After removal, if the plaintiff wants to remain in state court, she can file a timely motion for remand." *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). Section 1441(b)(2) is an "additional hurdle" a defendant must clear to remove a case on diversity grounds, designed to prevent removal "where the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013) (internal citations omitted).

Here, the same day Campanelli's complaint hit the state court docket, Notre Dame rushed to file its notice of removal. It did so approximately four hours after the filing of the complaint – before Campanelli could effect service of process in state court. Campanelli served process on September 26, within four business days of the filing of the action (and one day after Notre Dame agreed to waive service of process). [DE 9-6; DE 20-1.] Campanelli notes that this was not his first attempt to obtain Notre Dame's waiver of service of process. As noted above, prior to filing his state court complaint, he approached Notre Dame with a pre-suit settlement demand, which was rebuffed. On September 12, his counsel inquired whether the University would waive service of

3

process, and its attorneys responded that Campanelli should "serve [Notre Dame] as [he] would normally." [DE 9 at 2–3; DE 9-2.]

It thus appears that Notre Dame (fully aware that Campanelli was about to file suit) prepared a notice of removal and filed it before he could obtain formal service of process. If that's what happened (and it seems entirely likely it is), it strikes me as pure gamesmanship designed to defeat Campanelli's chosen state forum. Notre Dame responds that the removal was "not gamesmanship." [DE 20 at 9.] In its view, Campanelli's counsel was aware that he would have to serve the University upon filing the lawsuit, and therefore "should have been alert to the possibility of removal before service." *Id.* Further, because his lawyer's offices are in close proximity to the University, Notre Dame boldly speculates that "[i]n less than 30 minutes, [Campanelli's counsel] could have walked the Summons and Complaint over to Notre Dame's main building and served Notre Dame in person." *Id.* at 8–9.

Before going any further, let's step back for a moment and consider the whole point of diversity jurisdiction: it exists to protect out-of-state defendants from being 'homered' by a local plaintiff. *Morris*, 718 F.3d at 665. But when it's the reverse—where an out-of-state *plaintiff* is perfectly content being in a foreign state court—diversity jurisdiction is unnecessary. That's why the forum defendant rule exists. In other words, if Campanelli is happy to play a road game at Notre Dame, why should Notre Dame be able to complain about it? They're playing a home game!

Frankly, it's hard to view Notre Dame's actions as anything other than an attempt to get around the animating purpose of the forum defendant rule, based on the practical reality that the University could file for removal before Campanelli could obtain summons and effect formal service of process, through no delay of his own. *See Hurley*, 222 F.3d at 380 ("The [forum defendant] rule is designed to *preserve the plaintiff's choice of a (state) forum*, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." (emphasis added)).

Whatever I think of the appearances, at the end of the day, this is really a fight about statutory interpretation. Notre Dame tells me that the plain language of the statute did not bar removal at the time it removed the case. And I was surprised to discover that this view finds support in decisions of the Second, Third, Fifth, and Sixth Circuits. *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486–87 (5th Cir. 2020) ("We will not insert a new exception into Section 1441(b)(2), such as requiring a reasonable opportunity to serve a forum defendant."); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–06 (2d Cir. 2019) ("The statute plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been '*properly* joined and *served*.' By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153–54 (3d Cir. 2018) (finding plain language of statute

5

"unambiguous," and holding that the forum defendant rule "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served"); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir.), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).").

Although the Seventh Circuit has not squarely addressed the issue, numerous district courts in this circuit have taken a similar view of § 1441(b)(2). *See, e.g.*, *Whipkey v. Eli Lilly & Co.*, 2020 WL 3248472, at *4 (S.D. Ind. June 16, 2020) (joining "our sister district courts in the Seventh Circuit as well as the Second, Third, and Fifth Circuit Courts of Appeals that have concluded that § 1441(b)(2) permits a forum defendant to remove before service of process"); *D.C. v. Abbot Laboratories Inc.*, 323 F. Supp. 3d 991, 996–97 (N.D. Ill. 2018) (finding "statutory text must control" and holding that the forum defendant rule is unambiguously conditioned upon a forum defendant being properly joined and served at the time of removal); *In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 827–28 (S.D. Ind. 2002).

Cast against these authorities is a separate line of decisions rejecting the practice of "snap removal." *See, e.g.*, *In re Abbott Lab'ys, et al., Preterm Infant Nutrition Prod. Liab. Litig.*, 2022 WL 2257182, at *3, *5–11 (N.D. Ill. June 23, 2022); *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F. Supp. 3d 764, 770 (N.D. Ill. 2021); *Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004,

1011–13 (D. Nev. 2021); *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221–22 (M.D. Tenn. 2017). "Pre-service removal is often referred to as 'snap removal' because it involves quickly filing for removal before service can be made." *Norwegian Air*, 530 F. Supp. 3d at 767. These decisions acknowledge that the relevant language in § 1441(b)(2) is subject to multiple reasonable interpretations, and is thus far from "unambiguous." *Contra Encompass Ins. Co.*, 902 F.3d at 152. As succinctly explained by Judge Wood of the Northern District of Illinois:

> There are two plausible readings of the forum-defendant rule. The first, allowing snap removal, narrowly prevents removal only when a state forum citizen defendant has been served. The second, rejecting snap removal, broadly prevents removal in cases with state forum citizen defendants except when the plaintiff chooses not to "properly join and serve" those parties by improperly joining parties with no connection to the case or improperly delaying service.

*Norwegian Air*, 530 F. Supp. 3d at 769. *See also In re Abbott Lab'ys*, 2022 WL 2257182 at *6 (addressing competing interpretations of language of § 1441(b)(2) and holding that the forum-defendant rule bars removal unless the plaintiff "has fraudulently joined and improperly delayed service on a home-state defendant").

While I must give effect to the clear meaning of statutes as written, *Est. of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 476 (1992), "[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme," *Gundy v. United States*, 139 S. Ct. 2116, 2126 (2019). Moreover, in the context of the removal statute, there is an overarching principle that the statute is to be interpreted "narrowly," with the presumption that "the plaintiff

7

may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The language at issue is susceptible to multiple reasonable interpretations, and thus cannot be viewed as unambiguously authorizing the practice of snap removal.

Here's how I see it: the statute, by its plain terms, says that a case "may not be removed" when a forum defendant is "properly joined and served." This language does not speak at all to *when* service must be obtained to defeat diversity as a basis for removal. Here, of course, Campanelli was ultimately able to serve Notre Dame a few days after filing the action. I agree that because the greater statutory scheme "expressly contemplates post-removal service on unserved defendants," in context, § 1441(b)(2) can easily be read to permit service to "'properly' occur after the case has been removed from state court, so long as the plaintiff effectuates service[.]" *See In re Abbott Lab'ys*, 2022 WL 2257182, at *7. Moreover, the statutory text does not affirmatively authorize pre-service removal. *See Little*, 251 F. Supp. 3d at 1221 ("While some courts, as already noted, consider the phrase 'properly joined and serve' to clearly allow for pre-service removal, this may only be true by applying a negative hypothesis. That is, the statute speaks of when an action cannot be removed, not when it can be removed.").

In sum, I concede that there are colorable arguments on both sides of this divide, but I find the most sensible and persuasive view to be the one expressed by Judge Wood: that the best interpretation of § 1441(b)(2) prevents snap removal unless a plaintiff improperly joins parties with no connection to the case or improperly delays service. *Norwegian Air*, 530 F. Supp. 3d at 769. Neither has occurred in this case.

Accordingly, I reject Notre Dame's arguments based on the "plain language" of the statute, noting that while these arguments find support in appellate court decisions, they have never been adopted as the law of the Seventh Circuit.

For these reasons, Campanelli's Motion for Remand to State Court [DE 9] is **GRANTED**, and this action is hereby **REMANDED** to St. Joseph Circuit Court pursuant to 28 U.S.C. § 1447.

**SO ORDERED**.

ENTERED: November 6, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT